Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50374 | **DATE** | 4/29/2002 |
| **CASE TITLE** | Truserv Corp. vs. H.R.W. of New Mexico, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motion to remand

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motion to remand is granted. The clerk of the court is directed to remand this case to the Circuit Court of the 19th Judicial Circuit, McHenry County, Illinois.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | |
|---|---|
| ☐ No notices required, advised in open court. | |
| ☐ No notices required. | number of notices |
| X Notices mailed by judge's staff. | APR 30 2002 date docketed |
| ☐ Notified counsel by telephone. | |
| ☐ Docketing to mail notices. | |
| ☐ Mail AO 450 form. | docketing deputy initials |
| X Copy to judge/magistrate judge. | 4-30-02 date mailed notice |
| /LC6 courtroom deputy's initials | Date/time received in central Clerk's Office — mailing deputy initials |

Filed stamp: U.S. DISTRICT COURT CLERK, 02 APR 29 PM 3:45, FILED-WD

# MEMORANDUM OPINION AND ORDER

Plaintiff, TruServ Corp. f/k/a Cotter & Company ("TruServ"), originally filed a three-count complaint in an Illinois state court against four corporate defendants, H.R.W. of New Mexico Inc. ("New Mexico"), H.R.W. of Texas Inc. ("Texas"), H.R.W. of Las Cruces Inc. ("Las Cruces"), and H.R.W. of El Paso Inc. ("El Paso"), and against two individual defendants, guarantors of the above named corporations, Harry and Virginia Wiley ("Wileys"). Defendants removed the case to this court pursuant to 28 U.S.C. § 1441(a) on the basis of diversity jurisdiction. See id. § 1332. Before the court is TruServ's motion to remand the case to state court pursuant to 28 U.S.C. § 1447(c) due to lack of subject matter jurisdiction.

The diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1) is uncontested.[1] Thus, this court's jurisdiction hinges upon whether defendants can meet their burden of proving that the amount in controversy exceeds $75,000 for each defendant as required by 28 U.S.C. § 1332(a). See Kamel v. Hill-Rom Co., 108 F.3d 799, 805 (7th Cir. 1997). The starting point in determining the amount in controversy is typically the face of the complaint. See Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997). "Accepted wisdom" provides that the plaintiff's evaluation of the stakes must be respected when deciding whether a claim meets the amount in controversy requirement for federal diversity jurisdiction. Barbers, Hairstyling for Men & Women, Inc. v. Bishop, 132 F.3d 1203, 1205 (7th Cir. 1997). TruServ's complaint, on its face, requested judgment in the amount of $587,127.32 against all defendants without an itemized listing. (Compl. ¶ 16) While TruServ admits that its complaint was "inartfully drafted," it asserts that the exhibits annexed to the complaint show clearly that its claims against three of the corporate defendants - New Mexico, Las Cruces, and El Paso - do not meet the minimum amount in controversy for diversity jurisdiction. Specifically, TruServ's exhibit group E indicates that New Mexico allegedly owes $57,025.98, Texas owes $422,457.96, Las Cruces owes $56,650.69, and El Paso owes $49,516.73. Since the exhibits attached to the complaint show that three of these defendants do not meet the amount in controversy requirement of 28 U.S.C. § 1332(a), remand to state court is appropriate.

Defendants argue that this court may nevertheless exercise supplemental jurisdiction over these three defendants pursuant to 28 U.S.C. § 1367. Defendants cite Stromberg Metal Works, Inc. v. Press Mech., Inc., 77 F.3d 928, 931 (7th Cir. 1996), but Stromberg merely permitted adding an additional plaintiff against defendants who were already in the federal forum. Id. at 932. The court in Stromberg noted that 28 U.S.C. 1367(b) distinguishes between permissively joined plaintiffs and defendants. "Claims *against* persons made parties under Rule 20 are forbidden, but claims *by* parties who join under Rule 20 are allowed." Stromberg, 77 F.3d at 932 (alteration in original). Since TruServ's claim is against permissively joined parties, this court may not exercise supplemental jurisdiction over defendants not meeting the amount in controversy requirement.

Defendants also cite Liberty Mut. Ins. Co. v. Construction Mgmt. Servs., Inc., No. 99 C 6906, 2001 U.S. Dist. LEXIS 15739 (N.D. Ill. Sept. 28, 2001), for the proposition that § 1367(a) gives this court supplemental jurisdiction over claims bought by a single plaintiff against multiple diverse defendants when some of the defendants meet the amount in controversy requirement but others do not, and the claims against all the defendants arise from the same case or controversy. To the extent the court in Liberty Mutual actually held this, the court respectfully declines to follow it. Original jurisdiction in this case is founded solely upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. Therefore, 28 U.S.C. § 1367(b), not § 1367(a), is the appropriate subsection to use in determining supplemental jurisdiction, and, for the reasons previously discussed, this court may not exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(b).

Likewise, defendant's suggestion that Federal Rule of Civil Procedure 21 empowers the court to dismiss non-diverse parties in order to maintain diversity jurisdiction has no merit. If the plaintiff can avoid the federal forum by the device of properly joining a non-diverse defendant or a non-diverse co-plaintiff, he is free to do so. See Garbie v. DaimlerChrysler Corp., 211 F.3d 407, 410 (7th Cir. 2000). Therefore, Rule 21, regarding misjoinder of parties, does not apply, and the court will not drop such non-diverse parties in order to obtain complete diversity.

Defendants assert that, even if this court lacks jurisdiction over TruServ's complaint, defendants have filed a counterclaim over which this court has jurisdiction. However, a counterclaim, even though it meets the criteria for federal jurisdiction, does not make a case removable. See Shannon v. Shannon, 965 F.2d 542, 546 (7th Cir.), cert. denied sub nom. Shannon v. United Servs. Auto. Ass'n, 506 U.S. 1028 (1992); see also 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3731 (3d ed. 1998) (noting that 28 U.S.C. § 1446(a) authorizes removal by defendants only on the basis of claims brought against them and not on the basis of counterclaims asserted by them).

Furthermore, defendants' request for costs and fees associated with the removal and motion to remand are denied.

For all the foregoing reasons, plaintiff's motion for remand is granted and this case is hereby remanded to the Circuit Court of the 19th Judicial Circuit, McHenry County, Illinois.

---

[1] Nevertheless, the court points out that defendants failed to specify which state TruServ has its principal place of business in their notice of removal, saying only that plaintiff is "qualified to do business in Illinois, with offices in Harvard, McHenry County, Illinois." When invoking a federal court's diversity jurisdiction, a party must be more specific than this regarding the citizenship of a corporation. See 28 U.S.C. § 1332(c)(1); Cincinnati Ins. Co. v Eastern Atlantic Ins. Co., 260 F.3d 742, 747 (7th Cir. 2001). In light of the court's decision regarding the amount in controversy, however, the court will not pursue this any further.